**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **BRANDY MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:26-cv-02022** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RK ADMINISTRATIVE SERVICES,** | ) | |
| **LLC DBA RURAL KING,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Brandy Miller ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against RK Administrative Services, LLC dba Rural King ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADEA.

2.      This lawsuit further arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* as amended, ("ADA") seeking redress for Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based discrimination, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

3.    This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting and using her FMLA rights.

## JURISDICTION AND VENUE

4.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. as amended, and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. are federal statutes.

5.    Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6.    All conditions precedent to jurisdiction have been satisfied.

7.    Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

8.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9.    Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10.    Plaintiff, Brandy Miller, is a natural person, over 18-years-of-age, who at all times material to the allegations of this Complaint resided in Coles County, Illinois.

11.     Defendant, RK Administrative Services, LLC dba Rural King, whose address is 4216 Dewitt Ave, Mattoon, IL 61938-6643, is an LLC that at all times material to the allegations in this Complaint was doing business in and for Coles County, Illinois.

12.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §630(f).

13.     During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §630(b), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

14.     Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. §12111(4).

15.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

16.     At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

17.     At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

**BACKGROUND FACTS**

18.     Plaintiff worked for Defendant as a Surveillance Technician from on or about January 11, 2022, until Plaintiff's unlawful termination on or about May 9, 2025.

19.     The qualifications for Surveillance Technician include the following:

- Proficiency with Windows-based computers;

- Attention span and eye for detail;

- Written and verbal communication skills;

- The ability to participate in the online applicant and new-hire onboarding process remotely; and

- The ability to complete computer-based training.

20. As a Surveillance Technician, the essential functions of Plaintiff's role included but were not limited to the following:

- Watching CCTV camera systems for occurrences of theft, productivity issues, security policy violations, and safe working/shopping environments;

- Using specialized reports to review financial transactions and to identify discrepancies in a retail environment;

- Reviewing video footage of significant events and providing details to management, human resources (HR), and/or law enforcement; and

- Supporting stores and customers with questions regarding store policies.

21. Plaintiff worked for Defendant for at least 12 months prior to her need for use of FMLA benefits.

22. At the time of her need for use of FMLA benefits, Plaintiff worked for at least 1,250 hours in the 12 months preceding her need for use of FMLA benefits

23. Plaintiff met or exceeded Defendant's legitimate performance expectations throughout the entire duration of her employment.

24. Plaintiff is 47 years old and is a member of a protected class due to her age.

25. Since at least February 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has subjected Plaintiff to a hostile work environment on the basis of age in violation of the ADEA.

4

26.     Plaintiff suffers a physical impairment, irritable bowel syndrome (IBS), a disability that causes, among other symptoms, abdominal pain and cramping, sudden and severe changes in bowel habits, urgency to defecate, and exhaustion.

27.     Plaintiff's disability (IBS) substantially limits Plaintiff's major life activities, including but not limited to eating and digestive and bowel function.

28.     Regardless of Plaintiff's disability and at all times relevant to the allegations in this Complaint, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

29.     By virtue of the foregoing, Plaintiff is a "qualified individual" as defined under the ADA.

30.     Throughout her employment, Plaintiff met or exceeded Defendant's performance expectations.

31.     For instance, Plaintiff was never issued any verbal or written discipline, consistently ranked among top performers in productivity, and received multiple accolades for her work.

32.     Despite her strong performance, Plaintiff was subjected to age-based and disability-based harassment and disparate treatment.

33.     In or around February 2024, Plaintiff became the target of threats made by Elizabeth (last name unknown), a younger coworker, including statements that HR itself acknowledged constituted "death threats."

34.     Specifically, on at least one occasion, Plaintiff's supervisor Natalie Pilcher (Ms. Pilcher) had prior knowledge of an adjustment to Plaintiff's arrival time, but failed to communicate this to the team.

35. When Plaintiff did not arrive at the time Elizabeth anticipated, Elizabeth commented, "I wonder if she's dead. We can only hope."

36. During her employment, Plaintiff was also repeatedly threatened with physical violence by Dylan Armstrong, a younger male coworker, causing Plaintiff to fear for her life.

37. Plaintiff reported these threats to her supervisor, Ms. Pilcher, thereby engaging in protected activity.

38. Rather than substantively address the misconduct, Defendant dismissed Plaintiff's concerns and stated that she was "too old to understand humor."

39. Defendant failed to substantively engage Plaintiff's concerns of discrimination and harassment, thereby allowing the hostile discriminatory and harassing environment to perpetuate against Plaintiff.

40. At the time Plaintiff faced violent threats and discriminatory age-based insults, Plaintiff was approximately 46 years old, while the coworker engaging in the threatening conduct was approximately 19 years old.

41. Plaintiff's immediate supervisor, Ms. Pilcher, further engaged in ongoing harassment, including name-calling and personal attacks on Plaintiff's character.

42. Plaintiff reported this conduct to the department director, both verbally and in writing, thereby engaging in protected activity.

43. Defendant failed to take prompt or meaningful corrective action in response to Plaintiff's complaints, thereby allowing the hostile discriminatory and harassing environment to perpetuate against Plaintiff.

44. Plaintiff later learned that written complaints she submitted regarding harassment were discarded rather than investigated.

45.     Defendant's failure to adequately address the hostile and discriminatory harassment caused ongoing harm to Plaintiff.

46.     Moreover, Gabriella Baehr (Ms. Baehr), who became Plaintiff's supervisor after Ms. Pilcher, further failed to address the discrimination and harassment Plaintiff experienced.

47.     In or around March 2024, Plaintiff was approved for intermittent leave under the FMLA due to Plaintiff's disability, IBS.

48.     Plaintiff renewed her approved intermittent FMLA leave in April 2025.

49.     Plaintiff's use of protected medical leave was known to Defendant and its management personnel.

50.     After Plaintiff began using intermittent FMLA leave, Defendant subjected Plaintiff to heightened scrutiny and repeatedly demanded excessive and unnecessary medical documentation regarding her disability.

51.     The scrutiny and questioning of Plaintiff's medical condition escalated to such a degree that Plaintiff's treating physician recommended she file a formal harassment complaint against Defendant.

52.     Plaintiff informed her direct supervisor that her physician believed, based on his experience providing medical documentation for employees for regarding disability conditions, Defendant's conduct constituted harassment, thereby engaging in protected activity.

53.     Defendant failed to engage in any meaningful dialogue with Plaintiff to determine reasonable accommodations related to her disability.

54.     Defendant effectively denied Plaintiff reasonable accommodations by continuing to question, scrutinize, and interfere with her use of approved FMLA leave.

55. On or about May 9, 2025, Defendant terminated Plaintiff's employment without prior warning or progressive discipline.

56. Defendant falsely accused Plaintiff of theft, a baseless and unsupported allegation.

57. Plaintiff was terminated via a phone call from a newly hired manager whom Plaintiff had never met.

58. At the time of Plaintiff's termination, only two employees were using FMLA leave, and both employees, including Plaintiff, were terminated.

59. Following her termination, Plaintiff successfully challenged Defendant's stated reason for discharge in an unemployment proceeding, where the allegation of theft was found to be unfounded.

60. Additionally, Plaintiff was replaced by a younger male employee following her termination.

61. Plaintiff was unlawfully terminated because of Plaintiff's age (47), her disability (IBS), and her use of FMLA benefits on or about May 9, 2025.

62. Plaintiff was retaliated against and Plaintiff was ultimately terminated for opposing unlawful age- and disability-based discrimination and for exercising Plaintiff's protected rights.

63. Plaintiff was targeted for termination on the basis of her age and disability or because Defendant perceived Plaintiff as disabled, and due to Plaintiff's use of protected medical leave.

64. Plaintiff suffered adverse employment actions, specifically termination.

65. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff opposed age- and disability-based discrimination and harassment and requested and used protected disability-related medical leave.

8

## COUNT I
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

66. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

67. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

68. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age, (47).

69. Plaintiff met or exceeded performance expectations.

70. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (employees younger than Plaintiff).

71. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

72. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Age Discrimination in Employment Act
### (Age-Based Harassment)

74. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

9

75. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

76. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age, (47).

77. Defendant knew or should have known of the harassment.

78. The age-based harassment was severe or pervasive.

79. The age-based harassment was offensive subjectively and objectively.

80. The age-based harassment was unwelcomed.

81. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Age Discrimination in Employment Act**
**(Retaliation)**

83. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

84. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

85. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based harassment and/or discrimination.

86.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

87.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of age discrimination.

88.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

89.     Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

90.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the age-based harassment and/or discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

91.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

92.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT IV
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

93.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

94.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

11

95.     Plaintiff met or exceeded performance expectations.

96.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

97.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

98.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

99.     Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

100.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

101.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

102.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

103.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

104.    Plaintiff is a qualified individual with a disability.

105.    Defendant was aware of the disability and the need for accommodations.

106.    Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

107.    Plaintiff's requested reasonable accommodations was not an undue burden on Defendant.

108.    Defendant did not accommodate Plaintiff's disability.

109.    Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

110.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

111.    As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of the Americans with Disabilities Act
### (Disability-Based Harassment)

112.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

113.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

114.    Defendant knew or should have known of the harassment.

115.    The disability-based harassment was severe or pervasive.

116.    The disability-based harassment was offensive subjectively and objectively.

117.    Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

118.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

13

119.    As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of the Americans with Disabilities Act
### (Retaliation)

120.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

121.    Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

122.    During Plaintiff's employment with Defendant, Plaintiff opposed disability-based discrimination and harassment, requested reasonable accommodations, and took disability-related medical leave.

123.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

124.    In response to Plaintiff's opposition to disability-based discrimination and harassment, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

125.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

126.    In response to Plaintiff's requests for reasonable accommodations and use of disability-related medical leave, Defendant failed to accommodate Plaintiff's disabilities and ultimately terminated Plaintiff's employment on the basis of Plaintiff using disability-related medical leave.

127.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's opposition to disability-based discrimination and harassment, request for reasonable accommodations, and use of disability-related medical leave, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

128.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

129.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

130.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VIII
### Violation of the Family And Medical Leave Act
### (FMLA Interference)

131.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

132.    In or around March 2024, Plaintiff became eligible for FMLA leave.

133.    At all times material to this allegation, Plaintiff gave proper notice of her serious medical conditions, IBS, to her employer.

134.    Defendant controlled Plaintiff's work schedule and conditions of employment.

135.    Plaintiff provided enough information for her employer to know that Plaintiff's potential leave may be covered by the FMLA.

136.    Despite approving Plaintiff's intermittent FMLA leave, Defendant took actions that discouraged and hindered her use of such leave, including subjecting Plaintiff to constant pressure to provide excessive and repeated documentation related to her serious medical condition.

15

137. Defendant's actions were reasonably likely to, and did, dissuade Plaintiff from exercising her right to take intermittent FMLA leave.

138. Defendant's conduct described above interfered with, restrained, and/or denied the exercise of Plaintiff's rights under the FMLA.

139. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

140. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IX
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

141. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

142. Defendant terminated Plaintiff after Plaintiff provided notice of a request for medical leave, which constitutes a request for taking FMLA leave.

143. Defendant terminated Plaintiff because she requested and took FMLA leave as described above.

144. Specifically, Plaintiff requested FMLA leave when she explained to Defendant that she had IBS, a severe medical condition.

145. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting and taking leave for medical reasons.

146. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

16

147.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay;

b.    Payment of interest on all back pay recoverable;

c.    Front pay;

d.    Loss of benefits;

e.    Compensatory and punitive damages;

f.    Liquidated damages;

g.    Reasonable attorneys' fees and costs;

h.    Award pre-judgment interest if applicable; and

i.    Award Plaintiff any and all other such relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 16th day of January, 2026.

*/s/Yasmeen Elagha, Esq.*
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq. (Lead)
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148

17

Phone (630) 575 - 8181
Fax (630) 575 - 8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*